UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARY R. REYNOLDS, <br><br> Plaintiff, <br><br> v. <br><br> MEDICREDIT, INC., <br><br> Defendant. | 5:18-cv-00099-XR |

## *FIRST AMENDED* COMPLAINT

NOW comes MARY R. REYNOLDS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MEDICREDIT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 through 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

1

## PARTIES

4. Plaintiff is a 52 year old natural person residing at 9922 Tioga Drive, San Antonio, Texas, which is located within the Western District of Texas.

5. Defendant is a collection agency focused exclusively on medical and healthcare debts with its headquarters located in St. Louis, Missouri. Defendant's registered agent is located at 1999 Bryan Street, Suite 900, Dallas, Texas, and makes collection calls in all states.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On or around March 26, 2017 Plaintiff received medical care from Methodist Specialty & Transplant Hospital ("Methodist") ultimately resulting in an alleged outstanding consumer obligation of $600.00 ("subject consumer debt one").

8. On or around August 6, 2017 Plaintiff received additional medical care from Methodist ultimately resulting in a different alleged outstanding consumer obligation of $75.00 ("subject consumer debt two").

9. After Plaintiff allegedly defaulted on subject consumer debt one and subject consumer debt two Methodist turned the collection of the same over to Defendant.

10. On or around September 12, 2017 Defendant caused to be sent to Plaintiff a collection correspondence seeking payment of subject consumer debt one.

11. In the collection correspondence Defendant identified itself as a debt collector that was attempting to collect on a debt.

12. Defendant identified subject consumer debt one with an account number of 73242938.

13. On or around January 26, 2018 Defendant caused to be sent to Plaintiff a collection correspondence seeking payment of subject consumer debt two.

14. In the collection correspondence Defendant identified itself as a debt collector that was attempting to collect on a debt.

15. As it did with respect to subject consumer debt one, Defendant identified subject consumer debt two with an account number of 73242938.

16. Both collection correspondences sent by Defendant to Plaintiff including notices which stated, "**Important Notice:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor."

17. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

18. Plaintiff has been unfairly and unnecessarily confused and mislead by Defendant's actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2007.[1]

23. The subject consumer debts are a "debt" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692e, e(2), and e(10)**

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt."
> 15 U.S.C. §1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

26. Defendant violated §1692e, e(2), and e(10) when it used misleading and confusing means to collect and/or attempt to collect the subject consumer debts.  The subject consumer debts were from completely different amounts originating from different dates of service. Yet Defendant misleadingly assigned two completely different obligations with the same self-generated account number, 73242938.  This conduct had the natural consequence of confusing Plaintiff as to the true character and amount of the purported obligations.

---

[1] http://www.acainternational.org/search#memberdirectory

27. Defendant's conduct had the material effect of confusing Plaintiff with regards to her rights as presented to her.  The collection correspondences each included a "dunning notice" as required by the FDCPA.   As highlighted by the language in the "dunning notice", Plaintiff's rights were time-sensitive.  Because Defendant confusingly used the same account number for both subject consumer debts, Plaintiff was unaware if she still enjoyed the rights proscribed by the "dunning notice".

    b.  **Violations of FDCPA § 1692f**

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f when it unfairly and confusingly assigned the subject consumer debts the same account number.

30. As pled in paragraphs 17 and 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARY R. REYNOLDS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DEMAND FOR JURY TRIAL

Dated: June 5, 2018                                          Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Western District of Texas                    Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                      Lombard, Illinois 60148
(630) 568-3056 (phone)                                       (630) 581-5858 (phone)
(630) 575-8188 (fax)                                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                     thatz@sulaimanlaw.com