UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY R. REYNOLDS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:18-CV-00099-XR |
| | ) | |
| MEDICREDIT, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## DEFENDANT MEDICREDIT, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Medicredit, Inc. ("Medicredit"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

### Nature of the Action

1. Admit that Plaintiff purports to assert claims under the Fair Debt Collection Practices Act ("FDCPA"). Medicredit denies the remainder of the allegations in paragraph 1 of the Amended Complaint.

### Jurisdiction and Venue

2. Admit.

3. Admit that venue is proper in this Court. Medicredit denies the remainder of the allegations in paragraph 3 of the Amended Complaint.

### Parties

4. Medicredit is without sufficient information to admit or deny the allegations in paragraph 4 of the Amended Complaint and, therefore, denies the same.

1

5. Admit that Medicredit's headquarters are located in Missouri. Medicredit denies the remainder of the allegations in paragraph 5 of the Amended Complaint.

6. Admit that Medicredit acts through its "agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers". Medicredit denies that it engaged in any conduct that violates the FDCPA.

**Alleged Facts Supporting Causes of Action**

7. Medicredit is without sufficient information to admit or deny the allegations in paragraph 7 of the Amended Complaint and, therefore, denies the same.

8. Medicredit is without sufficient information to admit or deny the allegations in paragraph 8 of the Amended Complaint and, therefore, denies the same.

9. Admit.

10. Admit.

11. Admit.

12. Admit that Medicredit account number 73242938 is identified. Further answering, Medicredit states Methodist Specialty & Transplant Hospital's account number 360954070 is also identified.

13. Admit.

14. Admit.

15. Admit that Medicredit account number 73242938 is identified. Further answering, Medicredit states Methodist Specialty & Transplant Hospital's account number 361193445 is also identified.

16. Admit.

17. Medicredit is without sufficient information to admit or deny the allegations in paragraph 17 of the Amended Complaint and, therefore, denies the same.

18. Deny.

**Count I – Alleged Violations of the Fair Debt Collection Practices Act**

19. Medicredit incorporates its answers to paragraphs 1 through 18 of the Amended Complaint as if set forth fully herein.

20. The matters asserted in paragraph 20 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

21. The matters asserted in paragraph 21 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit admits that it is a "debt collector" as that term is used and defined in 15 U.S.C. § 1692a(6). However, Medicredit is without knowledge or information sufficient to form a belief as to the truth of whether it is a "debt collector" for purposes of this action.

22. The matters asserted in paragraph 22 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit admits that it is a "debt collector" as that term is used and defined in 15 U.S.C. § 1692a(6). However, Medicredit is without knowledge or information sufficient to form a belief as to the truth of whether it is a "debt collector" for purposes of this action.

23. The matters asserted in paragraph 23 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

### a. Alleged Violations of FDCPA § 1692e, e(2), and e(10)

24. The matters asserted in paragraph 24 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

25. The matters asserted in paragraph 25 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

26. Deny.

27. Deny.

### c. Alleged Violations of FDCPA § 1692f

28. The matters asserted in paragraph 28 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

29. Deny.

30. Deny.

31. In response to Plaintiff's Prayer for Relief, Medicredit denies that Plaintiff is entitled to any monetary damages or other relief by way of this action.

### **AFFIRMATIVE DEFENSES**

A. All allegations set forth in the Amended Complaint that have not been specifically admitted by Medicredit are hereby denied.

B. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) as it, in whole or in part, states

4

SL 2853876.1

mere legal conclusions without the sufficient factual support necessary to allege a cause of action.

C. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands. Among other things, upon information and belief, Plaintiff consented in writing to being contacted by Medicredit, and Plaintiff never effectively revoked that consent.

D. Medicredit states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages. Alternatively, Medicredit asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate her damages, if any.

E. Medicredit asserts that any and all failures to comply with the requirements of the FDCPA, which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Therefore, under the provisions of the FDCPA, Medicredit is not liable to Plaintiff.

F. Medicredit states that to the extent that it has inadvertently violated the FDCPA, such violation was accidental and unintentional.

G. Medicredit states that to the extent that it has inadvertently violated the FDCPA, this was caused by the actions of third-parties.

H. Medicredit presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as of yet unstated, affirmative defenses available. Medicredit hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant Medicredit, Inc. prays that this Court dismiss Plaintiff's Amended Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Mark A. McNitzky* _____
Mark A. McNitzky
Mark.McNitzky@ogletree.com
State Bar No. 24065730
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
112 East Pecan Street, Suite 2700
San Antonio, TX 78205
Telephone: (210) 354.1300
Facsimile: (210) 277.2702

and

Darryl Chatman
Missouri Bar No. 60987
SPENCER FANE LLP
1 North Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone: (314) 863-7733
Facsimile: (314) 862-4656
dchatman@spencerfane.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of June, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

    Nathan C. Volheim, Esq.
    nvolheim@sulaimanlaw.com
    Taxiarchis Hatzidimitridiadis, Esq.
    thatz@sulaimanlaw.com
    Sulaiman Law Group, Ltd.
    2500 South Highland Ave., Ste 200
    Lombard, Illinois 60148


                                        */s/ Mark A. McNitzky*
                                        MARK A. McNITZKY