UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARY R. REYNOLDS, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEDICREDIT, INC., ) <br> ) <br>    Defendant. ) | Case No. 5:18-CV-00099-XR |

**DEFENDANT MEDICREDIT, INC.'S MOTION FOR ATTORNEY FEES**

Defendant Medicredit, Inc. ("Medicredit"), through counsel, files the following Motion for Attorney Fees:

**I.   Preliminary Statement**

Plaintiff's claims in this case were "completely without hope of success" from the date she filed suit. Plaintiff's original claims premised on unlawful phone calls were factually meritless. And Plaintiff's amended claims premised on the supposedly deceptive, misleading, or unfair nature of the two written notices were also meritless. As this Court held, only a "idiosyncratic or bizarre" reading of the two notices could lead the reader to believe they are deceptive, misleading, or unfair. As such, this Court should award Medicredit its attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

**II.   Background**

Plaintiff filed this lawsuit on January 31, 2018. *See* Doc. 1. In her Complaint, Plaintiff asserted three claims: (1) alleged violations of the FDCPA; (2) alleged violations of the TCPA; and (3) alleged violations of the Texas Debt Collection Act ("TDCA"). *See* Doc. 1 at pp. 4–9. Plaintiff based each of those claims on allegations that Medicredit placed telephone calls to her

after she revoked the prior express written consent to be called by means of an automatic telephone dialing system ("ATDS") and/or pre-recorded voice. *See* Doc. 1 ¶¶ 16–49.

After Medicredit answered the Complaint, Medicredit demanded that Plaintiff dismiss her claims with prejudice as they lacked factual merit. *See* Correspondence dated April 11, 2018, attached as **Exhibit A**. Counsel for Medicredit offered to voluntarily produce documents proving that Plaintiff provided prior express written consent to be called by an ATDS and/or pre-recorded voice and that Medicredit ceased calling Plaintiff after she orally revoked that consent on January 9, 2018. *See* **Exhibit A**. Plaintiff's counsel, however, declined that offer and served written discovery requests on Medicredit. *See* **Exhibit A**. Thereafter, Medicredit responded to Plaintiff's written discovery requests. *See* Medicredit's responses to Plaintiff's discovery requests attached as **Exhibit B**. With its responses, Medicredit produce documents showing that Plaintiff provided her prior express written consent and that Medicredit stopped calling Plaintiff after January 9, 2018. *See* Conditions of Admission and Consent for Outpatient Care signed March 26, 2017, attached as **Exhibit C**, at ¶ 13; Conditions of Admission and Consent for Outpatient Care signed August 6, 2017, attached as **Exhibit D**, at ¶ 13; *and* Call history attached as **Exhibit E**.

Plaintiff then moved to amend her Complaint. *See* Doc. 18. In that motion, Plaintiff, apparently realizing that her original claims lacked merit, sought to dismiss her original claims premised on unlawful telephone calls. *See* Doc. 18 at ¶ 6. The amended claims she sought to add were for alleged violations of the FDCPA. *See* Doc. 18. In particular, in her Amended Complaint, Plaintiff claimed that two written notices Medicredit sent her were deceptive, misleading, and unfair. *See* Doc. 19 at ¶¶ 19–30.

SL 3192521.1

After the parties completed discovery, Medicredit moved for summary judgment on Plaintiff's amended claims. *See* Doc. 28. Once that motion was fully briefed, the Court granted summary judgment in Medicredit's favor. *See* Doc. 32.

### III. Argument

#### A. Legal Standard

The FDCPA provides that this Court may award Medicredit its reasonable attorney's fees on "a finding…that [this] action…was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). The Fifth Circuit has not had occasion to rule on this provision, but other courts in this Circuit has explained that the "terms 'bad faith' and 'harassment' indicate 'more than simply bad judgment or negligence' and imply 'the conscious doing of a wrong because of a dishonest purpose or moral obliquity.'" *Tejero v. Portfolio Recovery Assocs., LLC*, 2018 WL 1612856 , at *2 (W.D. Tex. Apr. 2, 2018) (citing several cases). As the Northern District of Texas has explained, a "bad-faith lawsuit is one 'where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass...rather than to obtain a favorable judgment." *Cunningham v. Credit Management, L.P.*, 2010 WL 3791049, at *2 (N.D. Tex. Sept. 27, 2010) (citing *Grant v. Barro*, 2007 WL 3244986, at *1 (M.D. La. Nov. 1, 2007)).

#### B. Plaintiff brought this suit for the purpose of harassment and in bad faith because it was completely without hope of succeeding from the start.

From the inception of this case, it was completely without hope of succeeding. Plaintiff initially brought this case alleging violations of the FDCPA, TCPA, and Texas Debt Collection Act ("TDCA"). *See* Doc. 1. The factual allegations underlying all three of those claims were that Medicredit called Plaintiff after she had revoked her prior express written consent. *See* Doc. 1 at ¶¶ 16–49. Medicredit, however, informed Plaintiff that her original claims lacked merit as

3

she had consented to telephone calls from Medicredit and Medicredit did not call Plaintiff after January 9, 2018, when Plaintiff revoked that consent. *See* correspondence dated April 11, 2018, attached as **Exhibit A**. After Medicredit responded to Plaintiff's discovery requests, Plaintiff dismissed her initial FDCPA, TCPA, and TDCA claims and amended her Complaint to include only a claim under the FDCPA based on her allegations that the two Notices Medicredit sent her were misleading or confusing. *See* Doc. 18. That is, Plaintiff must have concurred that her original FDCPA, TCPA, and TDCA claims were factually meritless; indeed, Plaintiff did provide her prior express written consent to receive telephone calls, including by an ATDS or pre-recorded voice and Medicredit ceased contacting Plaintiff after she revoked that consent. *See* Conditions of Admission and Consent for Outpatient Care signed March 26, 2017, attached as **Exhibit C**, at ¶ 13; Conditions of Admission and Consent for Outpatient Care signed August 6, 2017, attached as **Exhibit D**, at ¶ 13; *and* Call history attached as **Exhibit E**. So, from the date Plaintiff filed suit, her claims were meritless and that "completely without hope of succeeding" from that date.

And Plaintiff's case remained "completely without hope of succeeding" even after she amended her Complaint. As this Court recognized when it granted Medicredit's Motion for Summary Judgment, Plaintiff's sole causes of action in her Amended Complaint were focused on the alleged misleading, deceptive, or confusing nature of the two written notices that Medicredit sent Plaintiff. *See* Doc. 32 at pp. 2–4. Medicredit moved for summary judgment argument that, as a matter of law, those written notices did not violate the FDCPA as they did not fall below the "least sophisticated consumer" or "unsophisticated consumer" standards. *See* Doc. 32 at p. 4. This Court agreed and granted Medicredit's Motion for Summary Judgment. *See* Doc. 32 at pp. 8–12.

In granting Medicredit's Motion for Attorney Fees, this Court recognized that whether a written communication from a debt collector violates the FDCPA is ordinarily a fact question, but that such a question may be resolved on summary judgment if "reasonable minds" could not differ as to whether a letter is deceptive, misleading, or unfair.  *See* Doc. 32 at p. 7.  This Court ultimately concluded that "reasonable minds" could not differ in this case and held that the two written notices at issue here could "deceive or mislead only under a 'bizarre or idiosyncratic' reading."  *See* Doc. 32 at p. 9.  Because this Court found Plaintiff's claim to be based on a "bizarre of idiosyncratic" reading of the two written notices and disposed of it on summary judgment when claims like hers would ordinarily be fact questions, her amended claims were "completely without hope of succeeding."

Further showing that her amended claims was "completely without hope of succeeding", in responding to Medicredit's Motion for Summary Judgment, Plaintiff's argument relied heavily on her supposed subjective confusion.  As this Court held, however, the "least sophisticated consumer" and "unsophisticated consumer" standards are objective, and a plaintiff's "mere claim of confusion is not enough to withstand a motion for summary judgment.  Rather, a plaintiff must demonstrate the letter's language unacceptably increases the level of confusion."  *See* Doc. 32 at p. 10.  Plaintiff, however, relied almost exclusively on her own subjective confusion, which was plainly insufficient to withstand Medicredit's Motion for Summary Judgment.

Perhaps most tellingly, Plaintiff's claims of subjective confusion were also not genuine.  As Medicredit pointed out in its Reply in Support of its Motion for Summary Judgment, Plaintiff did not receive the second written notice until Medicredit produced it in discovery in this case.  *See* Doc. 31 at pp. 2–3 (¶¶ 2–5); *and* Doc. 31-3 at ¶¶ 3–4.  That is, Plaintiff received the second written notice, which formed the majority of the basis for her amended claims, after she had

retained counsel.  So, even if her subjective confusion had been relevant to this Court's determination of Medicredit's Motion for Summary Judgment, it lacked factual merit.  As such, Plaintiff's amended claims, like her original claims, were "completely without hope of succeeding."

This Court, therefore, should grant Medicredit's Motion for Attorney Fees.[1]

**IV.  Conclusion**

This Court should award Medicredit its attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) because it can infer her intent to harass and bad faith as her claims were "completely without hope of succeeding."  The claims Plaintiff asserted in her original Complaint were factually meritless because she provided her prior express written consent to being called using an ATDS and/or prerecorded voice and Medicredit indisputably did not call Plaintiff after she orally revoked that consent.  And the claims in Plaintiff's Amended Complaint were likewise without merit as her claim of a deceptive, misleading, or unfair written communication were based on an "idiosyncratic or bizarre" reading of the two written notices at issue in this case.  Therefore, this Court should grant Medicredit's Motion for Attorney Fees.

WHEREFORE Defendant Medicredit, Inc., requests this Court grant its Motion for Attorney Fees, award it its attorney fees in an amount to be submitted, and for any additional relief this Court deems appropriate under the circumstances.

Respectfully submit this 15th day of February, 2019.

Respectfully submitted,

By: *s/ Jacob F. Hollars*
Jacob F. Hollars (admitted *pro hac vice*)
  Colorado Bar No. 50352
jhollars@spencerfane.com

---

[1] In the event this Court grants Medicredit's Motion for Attorney Fees, it will submit itemized billing records for the amounts it seeks.

SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Tel: 303.839-3707
Fax: 303.839.3838

Mark A. McNitzky
  Texas Bar No. 24065730
Mark.mcnitzky@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
112 E. Pecan St., Suite 2700
San Antonio, Texas 78205
Tel: 210-354-1300
Fax: 210-277-2702

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above pleading was filed and served via the Court's CM/ECF system and served by email on all counsel of record, this 15th day of February, 2019.

*s/ Jacob F. Hollars*
Jacob F. Hollars
