UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY R. REYNOLDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:18-CV-99-XR |
| | § | |
| MEDICREDIT, INC., | § | |
| | § | |
| Defendant, | § | |

## ORDER

On this date, the Court considered Defendant's Motion for Attorney's Fees (docket no. 36), Plaintiff's response (docket no. 41), and Defendant's reply (docket no. 42). After careful consideration, the Court DENIES Defendant's motion.

## BACKGROUND

This case resulted from Defendant Medicredit's attempt to collect two debts owed by Plaintiff Mary Reynolds for healthcare services rendered in 2017 by Methodist Specialty & Transport Hospital ("Methodist"). Methodist turned over collection of these debts to Defendant. Defendant's subsequent collection efforts led to Plaintiff's filing of this suit on January 31, 2018. Docket no. 1.

Plaintiff's causes of action and theories of recovery changed over the course of the suit. In her original complaint, Plaintiff brought claims under the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act, and the Texas Debt Collection Act based on allegedly excessive and harassing phone calls. *Id.* Plaintiff was later granted leave to amend the complaint, and the Amended Complaint omits claims related to Defendant's phone calls and

1

focuses on Defendant's allegedly illegal debt collection letters, leaving only FDCPA claims. Docket no. 19.

Plaintiff's claims were based on two debt collection letters. She alleged that "Defendant misleadingly assigned two completely different obligations with the same self-generated account number" and that this "conduct had the natural consequence of confusing Plaintiff as to the true character and amount of the purported obligations." Docket no. 19 at 4. Thus, the gist of Plaintiff's Amended Complaint was that Defendant unlawfully confused Plaintiff by including the same internal account number on both letters even though the letters pertain to separate debts.

The Court granted Defendant's Motion for Summary Judgment on the basis that no reasonable factfinder could find the correspondence at issue misleading. In that order, the Court stated:

> The Court agrees that the letters deceive or mislead only under a "bizarre or idiosyncratic" reading. Even the unsophisticated consumer—when reading the letters as a whole, with some care—would note the differing client account numbers, the dates of service that differ by more than four months, and the large gap between the two balances of $600 and $75. That unsophisticated consumer would see that these differences show that the letters refer to separate debts. No reasonable factfinder could find otherwise.

Docket no. 32. at 8-9.

Based largely on this language in the summary judgment order, Defendant moves for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

## DISCUSSION

### I. Applicable Law

The FDCPA provides for an award of reasonable attorney's fees to the a prevailing defendant on "a finding . . . that [this] action . . . was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). The Fifth Circuit has held that "[t]o recover attorney's

2

fees under the FDCPA, the prevailing defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985). "The terms 'bad faith' and 'harassment' indicate 'more than simply bad judgment or negligence' and imply 'the conscious doing of a wrong because of a dishonest purpose or moral obliquity.'" *Tejero v. Portfolio Recovery Assocs. LLC*, 2018 WL 1612856, at *2 (W.D. Tex. Apr. 2, 2018) (quoting *Rodriguez v. IC Sys.*, 2017 WL 2105679, at *2 (W.D. Tex. May 12, 2017)). "A bad-faith lawsuit is one 'where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment.'" *Cunningham v. Credit Management, L.P.*, 2010 WL 3791049, at *2 (N.D. Tex. Sept. 27, 2010) (citing *Grant v. Barro*, 2007 WL 3244986, at *1 (M.D. La. Nov. 1, 2007)). This provision, however, "should be construed narrowly as not to discourage private litigation under the FDCPA." *Wattie-Bey v. Modern Recovery Solutions*, 2016 WL 822911, at *4 (M.D. Pa. Dec. 30, 2016).

## II.    Application

Defendant argues that Plaintiff's choice to plead and then drop her original claims based on telephone calls shows bad faith. Defendant states "Plaintiff simply could have logged into to her online account and viewed her call history prior to filing suit to verify whether she, in fact, received any calls from Medicredit after she asked it to stop calling." Docket no. 42 at 3. As to Plaintiff's claim related to the collection letters, Defendant argues that the claim was without hope of success from the outset. Defendant thus asks the Court to infer bad faith and harassment. *Id.* at 4.

The parties dispute what is required here—for example, whether bad faith *and* harassment must be shown, how far the scope of "bad faith" extends, and whether a grant of fees

3

in this case is for or against public policy—but resolution of these disputes is not necessary in this case. Whatever bad faith entails, Defendant has not shown it here. The record shows Plaintiff brought a complaint, realized some of her original claims were not borne out by discovery, dropped those claims, and narrowed the suit to a discrete claim related to the collection letters.

As to Plaintiff's original (later-dropped) claims, "[a]lthough Plaintiff's contention was not ultimately supported by the record, Defendant offers no showing that Plaintiff knew this fact to be erroneous at the time she filed her original complaint." Docket no. 41 at 5. As to Plaintiff's amended complaint, Defendant's argument, at bottom, is that Plaintiff lost.

Ultimately, Plaintiff's claim did not survive summary judgment, but a failed claim is not necessarily one brought in bad faith. The Court's determination that only a bizarre or idiosyncratic reading of the letters would support Plaintiff's theory does not mean her claim was not at least colorable. Nothing before the Court justifies a finding that would impose an attorney's fees obligation on Plaintiff directly because of bad-faith or harassing conduct. Thus, the Court denies Defendant's motion.

## CONCLUSION

Accordingly, Defendant's Motion for Attorney's Fees (docket no. 36) is DENIED.

It is so ORDERED.

SIGNED this 15th day of May, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE